IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

TOMMY LYNN WILHOITE,

   Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,

   Defendant.

No. 2:15CV00184-JM-JJV

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

  This recommended disposition has been submitted to United States District Judge James M. Moody, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

  Plaintiff, Tommy Wilhoite, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

1

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff alleges he is disabled due to chronic obstructive pulmonary disease (COPD), calcified granuloma, emphysema, and spots on his lungs. (Tr. 277) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through May 19, 2015 - the date of his decision. (Tr. 229) On September 15, 2015, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3) Plaintiff then filed his Complaint initiating this appeal. (Doc. No. 1).

Plaintiff was forty-nine years old at the time of the hearing. (Tr. 239) He testified he is a high school graduate and attended college for one year. (Tr. 242) Mr. Wilhoite has past relevant work as an iron worker and carpenter. (Tr. 228)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in

substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(i) (2008).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  *Id.* § 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  *Id.* § 416.920(a)(4)(ii).  If not, benefits are denied.  *Id.*  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  *Id.* § 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  *Id.* § 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  *Id.* § 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  *Id.* § 416.920(a)(4)(iv).  If so, benefits are denied.  *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.* § 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  *Id.*

The ALJ found Plaintiff had not engaged in substantial gainful activity since his application date.  (Tr. 221)  He found Plaintiff had "severe" impairments in the form of COPD and depression.  *Id.*  The ALJ found Mr. Wilhoite did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 222)  He judged that Plaintiff's allegations regarding the intensity, persistence and limiting effects of his symptoms were not credible to the extent alleged.  (Tr. 224-228)

The ALJ found Plaintiff retained the residual functional capacity for light work.  (Tr. 223) He determined Plaintiff was unable to perform his past relevant work, so the burden shifted to the Commissioner to show a significant number of jobs within the economy that Mr. Wilhoite could perform, given his residual functional capacity, age, education and past work.  (Tr. 228)  Based on

the testimony of a vocational expert in response to a hypothetical question, the ALJ found there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, machine operator and janitorial worker. (Tr. 228-229) Thus, the ALJ concluded Plaintiff was not disabled. (Tr. 229)

Plaintiff argues the ALJ erred by concluding his impairments did not meet the Listings. (Doc. No. 7 at 3-4.) He does not cite a specific listing but refers to his depression and his breathing. *Id.*

Citing *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007), the Commissioner argues Plaintiff waived this argument by failing to meaningful argue this point on appeal. (Doc. No. 9 at 4.) I tend to agree, but giving Mr. Wilhoite all benefit of the doubt, I will address the merits of his argument.

> Listing 12.04 states:
>
> 12.04   *Affective Disorders:*   Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
> A.  Medically documented persistence, either continuous or intermittent, of one of the following:
> 1. Depressive syndrome characterized by at least four of the following:
>    a. Anhedonia or pervasive loss of interest in almost all activities; or
>    b. Appetite disturbance with change in weight; or
>    c. Sleep disturbance; or
>    d. Psychomotor agitation or retardation; or
>    e. Decreased energy; or
>    f. Feelings of guilt or worthlessness; or
>    g. Difficulty concentrating or thinking; or
>    h. Thoughts of suicide; or
>    I. Hallucinations, delusions or paranoid thinking; or
> 2. Manic syndrome characterized by at least three of the following:
>    a. Hyperactivity; or
>    b. Pressure of speech; or
>    c. Flight of ideas; or
>    d. Inflated self-esteem; or
>    e. Decreased need for sleep; or
>    f. Easy distractibility; or
>    g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
>    h. Hallucinations, delusions or paranoid thinking;
> or
> 3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently

characterized by either or both syndromes);
AND
  B.  Resulting in at least two of the following:
    1.  Marked restriction of activities of daily living; or
    2. Marked difficulties in maintaining social functioning; or
    3.  Marked difficulties in maintaining concentration, persistence, or pace; or
    4. Repeated episodes of decompensation, each of extended duration;
OR
  C.  Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
    1.  Repeated episodes of decompensation, each of extended duration; or
    2.  A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
    3.  Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpart P, App. 1.

The ALJ found that Plaintiff's depression was a "severe" impairment and specifically addressed Listing 12.04. (Tr. 222-223) He found, however, that Mr. Wilhoite did not meet the "paragraph B" criteria of 12.04. *Id.* He found Mr. Wilhoite had only mild restriction in activities of daily living; moderate difficulties in social functioning; moderate difficulties with regard to concentration, persistence or pace and no episodes of decompensation[1] of extended duration. *Id.*

---

[1] 4.  *Episodes of decompensation* are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace. Episodes of decompensation may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation (or a combination of the two). Episodes of decompensation may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household); or other relevant information in the record about the existence, severity, and duration of the episode.

 The term *repeated episodes of decompensation, each of extended duration* in these listings means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks. If you have experienced more frequent episodes of shorter duration or less frequent episodes of longer duration, we must use judgment to determine if the duration and functional effects of the episodes are of equal severity and may be used to substitute for the listed finding in a determination of equivalence.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00C (2008).

After careful review of the entire record, substantial record evidence supports those conclusions. Plaintiff has engaged in many activities of daily living. As the Commissioner points out, he performs household chores, shops, socializes, attends church, and can get along with others. (Tr. 257-260, 442-448) And there is no evidence in the record to support an allegation that Mr. Wilhoite had the requisite episodes of decompensation of an extended duration, eliminating his meeting either the B or C criteria of the Listing.

With regard to Listing 3.02 (A), Plaintiff's medical evidence must show his "$FEV_1$" is equal to or less than the values specified in the table corresponding to his height and weight. 20 C.F.R. Pt. 404, Subpt. P, App. 1. "$FEV_1$" stands for the Forced Expiratory Volume in One Second. In other words, this is the amount of air that plaintiff can breath out in one second, after taking a deep breath and exhaling as forcibly as possible. Plaintiff is sixty-five inches tall. (Tr. 239) To meet Listing 3.02 (A), plaintiff's $FEV_1$ scores must be equal to or less than <u>1.25</u>. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Table I. On March 11, 2014, Plaintiff's $FEV_1$ scores were 3.00 and 3.20. (Tr. 551.) The diagnostic test states, "The results are within normal limits." *Id.* Therefore, Plaintiff fails to meet Listing 3.02(A) as well.

Plaintiff also challenges the ALJ's credibility determination. (Doc. No. 7 at 5-6.) I am sympathetic to Plaintiff's allegation of back pain and find assessing the credibility of a claimant's allegations of back pain is an agonizing task. But I find no error here.

The ALJ considered Plaintiff's subjective complaints in light of Social Security Ruling 96-7p. (Tr. 224, 225-226) That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;

6

> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations at some length, but found them less than credible. (Tr. 224-228) His credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003). The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard. *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007). Accordingly, I find no basis to overturn the ALJ's credibility determination.

Plaintiff has advanced other arguments which I have considered and find to be without merit. Without question, Mr. Wilhoite suffers from some degree of pain and limitation. However, the ALJ accounted for his limitations when he determined he had a residual functional capacity for light work. The ALJ's decision is supported by substantial evidence in this regard.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this

case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 27th day of April, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE